**REED SMITH LLP**
*Formed in the State of Delaware*
Diana A. Bettino, Esq.
David G. Murphy, Esq.
Ethan R. Buttner, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel. (609) 987-0050
Fax (609) 951-0824

*Attorneys for Defendants*
*Boscov's Inc., Boscov's Department Store, LLC, and Jim Boscov*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW POLITI, on behalf of himself and those similarly situated, | Case No.: |
| Plaintiff, | *DOCUMENT ELECTRONICALLY FILED* |
| v. | |
| BOSCOV'S, INC., BOSCOV'S DEPARTMENT STORE, LLC, and JIM BOSCOV; | **NOTICE OF REMOVAL** |
| Defendants. | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boscov's, Inc., Boscov's Department Store, LLC ("Boscov's LLC"), and Jim Boscov (collectively, "Defendants"), by and through their undersigned attorneys, hereby remove this action from the Superior Court of New Jersey, Middlesex County, Law Division to the United States District Court for the

District of New Jersey, Newark Vicinage. In support of this Notice of Removal, Defendants state as follows:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1.  Plaintiff Andrew Politi ("Plaintiff") commenced this putative class action by filing a Complaint (the "Complaint") on February 15, 2022 against Defendants in the Superior Court of New Jersey, Middlesex County, Law Division under docket number MID-L-000805-22. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.  Plaintiff alleges that Defendants violated the Delivery of Household Furniture and Furnishings regulations (the "Furniture Delivery Regulations"), N.J.A.C. § 13:45A-5.1, *et seq.*, the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*, and the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-14, *et seq. See* **Ex. A**, ¶ 1.

3.  Plaintiff also alleges that the putative class is entitled to a declaratory judgment under the Uniform Declaratory Judgment Act, N.J.S.A. § 16-50 to -62.

4.  Plaintiff alleges that Defendants (all of them) violated New Jersey's Furniture Delivery Regulations in connection with Plaintiff's order and receipt of a sofa. *See* **Ex. A**.

5.  Specifically, Plaintiff alleges that he purchased a recliner sectional sofa from Defendants on May 29, 2021. *See* **Ex. A**, ¶ 32.

6. Plaintiff alleges that Defendants violated the Furniture Delivery Regulations because:

- The sales documents allegedly did not state the date on which the sofa would be delivered;

- The sales documents allegedly did not inform Plaintiff that he could cancel his order and receive a refund or accept delivery of the sofa at a later date in the case of a delayed or partial delivery; and,

- The sales documents allegedly included language prohibited by N.J.A.C. § 13:45A-5.3(c).

7. Plaintiff alleges that the above violations of the Furniture Delivery Regulations constitute violations of the CFA, which entitle him to damages under the TCCWNA.

8. Plaintiff also seeks to bring this matter as a class action under New Jersey Rule 4:32, and seeks to certify a class consisting of the following:

> All natural persons residing in New Jersey at the time this Complaint is filed, who, at any time on or after the day six years prior to the date this Complaint is filed, ordered furniture or furnishings for future delivery from Boscov's to an address in New Jersey.

*See* **Ex. A**, ¶ 77.

9. Plaintiff seeks statutory civil penalties of not less than $100.00, actual damages, treble damages, attorneys' fees and costs, and a refund of the amounts he paid for his sofa. *See* **Ex. A**, ¶ 126.

10. Plaintiff, on behalf of the class members, seeks a declaratory judgment that Defendants' must provide notice to the class members that they are each entitled to recover $100, plus actual damages, attorneys' fees and costs, and total refunds for their furniture transactions. *Id.* at ¶ 123, 127.

11. On February 25, 2022 Plaintiff filed Affidavits of Service for Boscov's LLC and Boscov's, Inc., and on March 7, 2022 the undersigned attorneys for Defendants filed Notices of Appearance. True and correct copies of the docket, State Court's Track Assignment, Affidavits of Service, and Notices of Appearance are attached hereto as **Exhibit B**.

12. As of the date of the filing of this Notice of Removal, no further pleadings, filings, or proceedings have occurred in this matter.

13. Exhibit A and Exhibit B comprise the entire state court docket, in accordance with 28 U.S.C. § 1446(a).

## II. DEFENDANTS' REMOVAL IS TIMELY AND PROPER

14. Plaintiff served Boscov's, Inc. via Corporation Service Company, Inc. ("CSC Inc.") in New Jersey on February 21, 2022. *See* **Ex. B**.

15. Plaintiff served Boscov's, LLC via CSC Inc. in New Jersey on February 21, 2022. *Id*.

16. Jim Boscov has not been served with the Complaint, as Plaintiff improperly attempted to serve him personally in Pennsylvania without first

satisfying the requirements of New Jersey Rule 4:4-4(b)(1)(A) and New Jersey Rule 4:4-5(b). A true and correct copy of the Summons Plaintiff attempted to serve on Jim Boscov is attached hereto as **Exhibit C**.

17. Despite having not been properly served, Jim Boscov consents to this removal. All Defendants consent to removal.

18. This Notice of Removal is timely filed, having been filed within thirty (30) days of the date on which Boscov's, Inc. and Boscov's, LLC were served with the Complaint. 28 U.S.C. § 1446(b). And even if untimely, the failure by Plaintiffs to properly serve Jim Boscov permits Boscov's Inc. and Boscov's LLC to consent to Jim Boscov's removal. *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009) (quoting *Cmiech v. Electrolux Home Prods., Inc.*, 520 F. Supp. 2d 671, 676 (M.D. Pa. 2007)) ("[T]he last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired.").

19. The Superior Court of New Jersey, Middlesex County, Law Division, is located within the District of New Jersey. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1446(a).

20. The Newark vicinage is the appropriate venue for this matter because the transaction at issue allegedly took place on May 29, 2021 at 441 Woodbridge

Center Drive, Woodbridge, New Jersey 07095. *See* **Ex. A**, ¶ 31. *See* Vicinage Lines for Case Assignment, *available at* https://www.njd.uscourts.gov/vicinage-lines-case-assignment (disputes in Middlesex County that are north of the Raritan River are assigned to the Newark Vicinage).

21. No previous application has been made for the relief requested herein.

### III. THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA

22. Plaintiff is a resident of the State of New Jersey. *See* **Ex. A**, ¶ 11.

23. At the time Plaintiff filed the Complaint, Boscov's, Inc. was a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 4500 Perkiomen Avenue, Reading, Pennsylvania 19606. As a result, for purposes of citizenship, Boscov's, Inc. is a citizen of Pennsylvania. *Zambelli Fireworks Mfg. Corp. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2019) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)).

24. At the time Plaintiff filed his Complaint, Boscov's, LLC was a Pennsylvania limited liability company. The citizenship of a limited liability company is determined solely by the citizenship of its members. *Zambelli Fireworks Mfg. Corp.*, 592 F.3d at 419. Boscov's, Inc. owns 99% of Boscov's, LLC. The remaining 1% is owned by Boscov's PSI, Inc. At the time Plaintiff filed his Complaint, Boscov's PSI, Inc. was a corporation incorporated under the laws of the

Commonwealth of Pennsylvania, with its principal place of business located at 4500 Perkiomen Avenue, Reading, Pennsylvania 19606. Thus, for purposes of citizenship, Boscov's, LLC is a citizen of Pennsylvania.

25. At the time of the filing of the Complaint, Jim Boscov was a citizen of the Commonwealth of Pennsylvania.

26. A copy of this Notice of Removal is being filed with the New Jersey Superior Court, Middlesex County, Law Division and written notice is being provided to Plaintiffs pursuant to 28 U.S.C. § 1446(d).

27. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

28. Section 1332(d)(2) states:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> > (A) any member of a class of plaintiffs is a citizen of a state different from any defendant;
> > (b) any member of a class of plaintiffs is a foreign state or a citizen of a foreign state and any defendant is a citizen of a State; or
> > (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

29. This action is properly removable pursuant to the Court's jurisdiction under CAFA because (1) the Complaint filed by Plaintiff is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) there is minimal diversity of citizenship; (3) the putative class contains at least 100 members; and (4) the aggregate value of the amount in controversy allegedly exceeds $5,000,000, exclusive of interest and costs, based on the allegations in Plaintiff's Complaint.

30. This Complaint was filed by Plaintiff as a class action pursuant to New Jersey Rule 4:32, thus satisfying 28 U.S.C. § 1332(d)(1)(B). *See Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 184 (3d Cir. 2014) (holding that a class action originally filed under New Jersey Rule 4:32 is removable under CAFA).

31. With respect to diversity of citizenship, 28 U.S.C. § 1332(d)(2)(A) provides for minimum diversity where one member of a class of plaintiffs is a citizen of a State different from any defendant. Here, diversity is adequately met under CAFA because there is complete diversity, even though only minimum diversity is required. *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting 28 U.S.C. § 1332(d)(2)(A)) ("With respect to the second requirement, known as the 'minimal diversity' requirement, CAFA provides that [minimal] diversity is satisfied if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'"). Plaintiff is a citizen of New Jersey and Defendants are citizens of Pennsylvania.

32. Further, the prospective class size is sufficient to meet CAFA's requirement of at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff seeks to certify a class of "[a]ll natural persons residing in New Jersey" who, within the six years prior to the date the Complaint was filed, "ordered furniture or furnishings for future delivery from Boscov's to an address in New Jersey." *See* **Ex. A**, ¶ 77.

33. From January 1, 2016 until present (which encompasses the six-year period the Complaint allegedly covers, and which Defendants do not concede), Defendants estimate that it has completed 56,854 separate furniture and/or furnishing transactions for deliveries to addresses in New Jersey. As a result, Plaintiff's proposed class contains at least 100 members. A true and correct copy of the Certification of Russel Diehm is attached hereto as **Exhibit D**.

34. With respect to the amount in controversy, as indicated above, Defendants estimate it has completed 56,854 separate furniture and/or furnishing transactions for deliveries to addresses in New Jersey in the past six years. Plaintiff seeks "notice relief" under the New Jersey Truth-In-Consumer Contract, Warranty, and Notice Act ("TCCWNA"). Though Plaintiff frames his claim on behalf of the putative class in the form of injunctive relief, this Court considers the value of the benefit to be obtained by the putative class members in determining the amount in controversy for purposes of CAFA. *See, e.g.*, *Burns v. Massachusetts Mut. Life Ins.*

*Co.*, 820 F.2d 246, 248 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541-543 (3d Cir. 1995) (stating that the amount in controversy when injunctive relief is sought is "the value of the object of litigation" and discussing how the value of an injunction could exceed the transactional costs or contested sums of money in a case). The New Jersey Legislature has valued TCCWNA claims at $100 per violation, regardless of the form of relief that Plaintiff seeks. N.J.S.A. § 56:12-17.

35. In addition, Plaintiff, on behalf of himself and the putative class, seeks a complete refund of the amounts paid for these transactions. Plaintiff's transaction allegedly totaled $1,854.19, and Plaintiff asserts claims under the CFA, which in some circumstances permit an award of treble damages (though Defendants wholly challenge and maintain that Plaintiff is not entitled to any damages), thus inflating Plaintiff's claim to $5,562.57. For purposes of amount-in-controversy calculations, "[u]nder New Jersey law, a court must include these amounts when determining whether it has subject matter jurisdiction in a diversity matter." *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding Inc.*, 408 F. App'x 566, 572 (3d Cir. 2010) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585-87 (3d Cir. 1997)).

36. Even if only a small fraction of the total number of transactions indicated above are valued near $5,562.57, as Plaintiff alleges his claims are worth,

the class would need 899 members to exceed the $5,000,000 threshold, independently of the $100 award per class member Plaintiff seeks to obtain under CAFA. Again, to the extent that Plaintiff seeks to only seek equitable relief on behalf of the class, the Court considers the value of the benefit to be obtained by the putative class members in determining the amount in controversy for purposes of CAFA. *See, e.g., Burns*, 820 F.2d at 248; *Columbia Gas Transmission Corp.*, 62 F.3d at 541-543. Plaintiff's purported individual damages are demonstrative of how Courts and the Legislature would value the claims of the putative class members, regardless of how Plaintiff attempts to frame the form of relief.

37. In other words, strictly based on the allegations in the Complaint and the aggregated sales data supplied by Defendants, the estimated value of Plaintiff's class claims for amount-in-controversy purposes exceeds $5,000,000. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (holding that, when calculating the amount in controversy, "the parties need not predict the trier of fact's eventual award with one hundred percent accuracy."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015) (holding the removing party must rely "on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million").

38. In sum, because the class would contain at least 100 members, the amount-in-controversy would be computed to exceed $5,000,000 in classwide

damages, and minimal diversity exists between the parties, this matter is properly removable to the United States District Court, District of New Jersey.

**WHEREFORE**, Defendants give notice that this action is removed from the Superior Court of New Jersey, Middlesex County, Law Division to the United States Court for the District of New Jersey, Newark Vicinage.

Dated: March 22, 2022                                   **REED SMITH LLP**

                                                        BY: *s/Diane A. Bettino*
                                                              Diane A. Bettino, Esq.