# EXHIBIT A

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-000805-22

**Case Caption:** POLITI ANDREW  VS BOSCOV'S INC

**Case Initiation Date:** 02/15/2022

**Attorney Name:** ANDREW R WOLF

**Firm Name:** THE DANN LAW FIRM, PC

**Address:** 1520 U.S. HIGHWAY 130 STE 101

NORTH BRUNSWICK NJ 08902

**Phone:** 2013553440

**Name of Party:** PLAINTIFF : Politi, Andrew

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Andrew Politi?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
This is a punitive class action requiring TK 4 management for the complexities of class certification, notice and class wide discovery and litigation

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/15/2022                                                                          /s/ ANDREW R WOLF
Dated                                                                                Signed

The Dann Law Firm, PC
By: Andrew R. Wolf, Esq. (NJ Attorney ID No. 018621995)
Javier L. Merino, Esq. (NJ Attorney ID No. 078112014)
Michael A. Smith, Jr., Esq. (NJ Attorney ID No. 267872018)
1520 U. S. Highway 130, Suite 101
North Brunswick, NJ 08902
(732) 545-7900 – TELEPHONE
(216) 373-0536 – FAX
*Attorneys for Plaintiff and others similarly situated*

| | |
|---|---|
| ANDREW POLITI, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOSCOV'S, INC., BOSCOV'S DEPARTMENT STORE, LLC; and JIM BOSCOV;<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION<br><br>Civil Action<br><br>Docket No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

1.      This class action complaint charges Defendants, a furniture retailer and its principals, with violations of the Delivery of Household Furniture and Furnishings regulations (the "Furniture Delivery Regulations"), N.J.A.C. 13:45A-5.1, *et seq.*, New Jersey Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1, *et seq.*, Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.*, and the New Jersey, the Uniform Declaratory Judgments Act ("UDJA"), N.J.S.A. 2A:16-50 to -62.

2.      Plaintiff purchased furniture promised for future delivery from Defendants that was memorialized in a Sales Document dated May 29, 2021. *See*, Exhibit 1.

3.      Defendants' policies and practices related to the sale and delivery of household furniture did not conform to the Furniture Delivery Regulations.

4.      On the Sales Document, Defendants failed to identify a promised delivery date and other information as required by the Furniture Delivery Regulations. *See*, Exhibit 1.

5.      As set forth in more detail below, the delivery of the furniture Plaintiff purchased was non-conforming with the Furniture Delivery Regulations in that the furniture was either not delivered pursuant to the promised delivery date, was non-conforming in that the furniture delivered was damaged in some way or was not properly assembled, or was a partial delivery.

6.      Plaintiff was not informed of his rights upon any of the non-conforming deliveries.

7.      Defendants were aware of the damaged furniture by their own records and have been put on notice of the non-conformities.

8.      Plaintiff seeks actual and treble damages for himself pursuant to the CFA due to Defendants' direct violations of the CFA and because of Defendants' violations of the Furniture Delivery Regulations.

9.      Plaintiff further seeks statutory damages for himself pursuant to TCCWNA.

10.     To redress Defendants' violations of the Furniture Delivery Regulations, CFA and TCCWNA Plaintiff seeks equitable relief including declaratory and injunctive relief for himself and others similarly situated pursuant to the UDJA.

**PARTIES**

11.     Plaintiff Andrew Politi ("Plaintiff") resides in East Brunswick, Middlesex County, New Jersey.

12.     Boscov's Department Store, LLC is a Delaware Limited Liability Company with its corporate headquarters located at 4500 Perkiomen Ave, Reading, PA 19606.

13.     Boscov's Department Store, LLC operates approximately forty-eight (48) locations in multiple states with approximately eight (8) locations throughout New Jersey.

14.     Boscov's, Inc. is a Pennsylvania Corporation with its corporate headquarters located at 4500 Perkiomen Ave, Reading, PA 19606.

15.     Boscov's, Inc. is the managing member of Boscov's Department Store, LLC and owns all or part of Boscov's Department Store, LLC.

16.     Boscov's, Inc., as the managing member of Boscov's Department Store, LLC, is responsible for setting the policies and practices of Boscov's Department Store, LLC, including the policies and practices complained of herein.

17.     Jim Boscov is the Chairman, Chief Executive Officer, and a principal of Boscov's, Inc. and/or Boscov's Department Store, LLC.

18.     Jim Boscov is responsible for setting the policies and practices of Boscov's Department Store, LLC including the policies and practices complained of herein.

19.     Hereinafter Defendants Boscov's, Inc., Boscov's Department Store, LLC and Jim Boscov shall be collectively referred to as "Defendants" or "Boscov's".

20.     Plaintiff purchased furniture for future delivery from the Boscov's store located at 441 Woodbridge Center Drive in Woodbridge, NJ.

**VENUE**

21.     Venue in this action properly lies in Middlesex County because Plaintiff resides there and because Boscov's conducts business in Middlesex County.

**FACTUAL ALLEGATIONS**

22.     At all relevant times herein, Jim Boscov was an officer of and managed the operations of Boscov's, Inc. and or Boscov's Department Store, LLC.

23.     At all relevant times herein, Jim Boscov owned all or part of Boscov's, Inc. and or Boscov's Department Store, LLC

Page **3** of **24**

24.    At all relevant times herein, Jim Boscov set and/or controlled the policies and practices of Boscov's.

25.    At all relevant times herein, Jim Boscov set or controlled the policies and practices of Boscov's complained of herein.

26.    Jim Boscov knew or should have known of the obligation of Boscov's to comply with the Furniture Delivery Regulations, generally, as these regulations apply to furniture businesses in New Jersey.

27.    Boscov's is a retailer of household furniture and furnishings.

28.    Boscov's routinely sells household furniture and furnishings for future delivery.

29.    Boscov's is engaged in the business of selling household furniture and furnishings for future delivery.

30.    Boscov's uses sales documents, contracts, orders, invoices, and receipts when it sells household furniture and furnishings for future delivery.

31.    On May 29, 2021, Plaintiff visited Boscov's located at 441 Woodbridge Center Dr., Woodbridge, NJ 07095 to purchase household furniture.

32.    On May 29, 2021, Plaintiff placed an order for a reclining sectional sofa that was promised for future delivery. The total price of the furniture purchased for future delivery including a warranty ($309.99), delivery fee ($79.00), and sales tax ($115.21), was $1,854.19. A redacted copy of the sales document provided to Plaintiff on May 29, 2021, is attached as **Exhibit 1**.

33.    At the time of purchase, Boscov's told Plaintiff that the sofa was on backorder and that it would be delivered sometime in September.

34.    This timeline was written in an inconspicuous space near the bottom of the sales document where it stated "E.T.A. SEPT FIRST WEEK." *See* Exhibit 1.

35.     Boscov's also provided Plaintiff with an additional sales document titled "Delivery Guidelines" when he purchased furniture for future delivery on May 29, 2021. A copy of the Delivery Guidelines is attached as **Exhibit 2**.

36.     On or about September 3, 2021, Boscov's contacted Plaintiff to inform Plaintiff that Boscov's had received the sofa and delivery was scheduled for September 9, 2021. Boscov's could not tell Plaintiff what time the couch was to be delivered in this conversation.

37.     On September 9, 2021, Boscov's delivered the sofa.

38.     At the time of delivery, a portion of the sofa was damaged as the recliner on one side did not work.

39.     The delivery men gave Plaintiff two choices: (1) to have the broken section fixed; or (2) Return the broken section (not the entire sofa) and have that section replaced.

40.     Based on the choices provided by the delivery men, Plaintiff chose to have Boscov's deliver a replacement sofa piece.

41.     The delivery men stated that Boscov's would have to order the replacement sofa piece and Boscov's did not know when it would be in or delivered.

42.     The delivery men did not advise Plaintiff that he could cancel for a full refund, or accept a later delivery, and Plaintiff did not receive any written notice of his rights under the Furniture Delivery Regulations from Defendants.

43.     About a week later, Boscov's contacted Plaintiff to schedule a delivery of the replacement sofa piece for September 17, 2021.

44.     Boscov's left a message stating that the replacement sofa piece would be delivered at noon on September 17, 2021.

45. Plaintiff was at home on September 17, 2021 at noon, but Boscov's failed to deliver the replacement sofa piece at that time.

46. When Boscov's failed to deliver, Plaintiff called Boscov's to inquire into the delivery.

47. Boscov's representative advised Plaintiff that delivery of the replacement sofa piece was attempted at about 8:15 a.m. and insisted that the delivery crew rang Plaintiff's doorbell and waited fifteen minutes before leaving.

48. Plaintiff explained to Boscov's representative that he does not have a doorbell, so the delivery men must have been lying about attempting the delivery. Further, Plaintiff stated that, had the delivery personal knocked on the door, his two dogs would have barked. Plaintiff also stated that both he and his wife were up at that time and no one came to their front door.

49. Boscov's stated that the delivery personal would try to make another delivery attempt some time that day up until 8 p.m. as those were their hours. Plaintiff waited until 8 p.m., but Boscov's never called or attempted a delivery.

50. After September 17, 2021, Plaintiff called Boscov's multiple times about the delivery, but it was not until September 21, 2021 that Boscov's called to schedule a delivery for the replacement sofa piece for September 23, 2021.

51. On September 23, 2021, Boscov's contacted Plaintiff, claimed that it made a mistake with the replacement sofa piece, returned the replacement piece to the Boscov's store, and could not deliver the piece until September 28, 2021.

52. As it relates to the September 23, 2021 promised delivery, Plaintiff was not advised that he could cancel for a refund, or accept a later delivery, and Plaintiff did not receive any written notice of his rights under the Furniture Delivery Regulations from Defendants.

53.     The replacement sofa section was not delivered on September 28, 2021 and Plaintiff was not advised that he could cancel for a refund, or accept a later delivery, and Plaintiff did not receive any written notice of his rights under the Furniture Delivery Regulations from Defendants.

54.     On or about September 30, 2021, Boscov's delivered a replacement section for the sofa and took away the non-working section.

55.     After the delivery of the replacement section of the sofa, Plaintiff realized that the new section was also not working properly.

56.     On or about September 30, 2021, Plaintiff called Boscov's and requested a replacement section for the replacement section that did not work properly. At no time during that call or thereafter was Plaintiff advised of his right cancel for a refund, or accept a later delivery, and Plaintiff did not receive any written notice of his rights under the Furniture Delivery Regulations from Defendants.

57.     On or about October 5, 2021, Boscov's went to Plaintiff's home to deliver a second replacement section for the sofa.

58.     Prior to replacing the non-working section, Plaintiff permitted Boscov's representative to attempt to fix the section of the sofa that was not working.

59.     The Boscov's representative was able to fix the section of the sofa that was not working, and Plaintiff decided to keep that section of the sofa that was fixed.

60.     To date, Plaintiff has not received any notice of his rights under the Furniture Delivery Regulations to cancel the order for a full refund or accept delivery at a future date.

61.     The Furniture Delivery Regulations require:

> The contract forms or sales documents shall show the date of the order and shall contain the following sentence in ten-point bold face type:

> **The Merchandise that you have ordered is promised for delivery to you on or before** (insert date or length of time agreed upon).

N.J.A.C. 13:45A-5.2(a).

62.     The Sales document contains no such language. *See*, <u>Exhibit 1</u>.

63.     The Furniture Delivery Regulations require that the blank space at the end of the sentence set forth in paragraph 45:

> Shall be filled in by the seller at the time the contract of sale is entered into by the parties or when the sales documents are issued, either as a specific day of a specific month or as a length of time agreed upon by the buyer and seller (for example, "six weeks from date of order").

N.J.A.C. 13:45A-5.2(b).

64.     Defendants did not provide a specific day of a specific month or a length of time for the delivery date on the Sales Document with respect to the May 29, 2021 purchase, and instead provided an estimated week of delivery. *See*, <u>Exhibit 1</u>.

65.     The Furniture Delivery Regulations also require:

> The contract forms or sales documents shall conspicuously disclose the seller's obligations in the case of delayed delivery in compliance with N.J.A.C. 13:45A-5.1 and shall contain, on the first page of the contract form or sales document, the following notice in ten-point bold face type:

> > **If the merchandise ordered by you is not delivered by the promised delivery date, (insert name of seller) must offer you the choice of (1) canceling your order with a prompt, full refund of any payments you have made, or (2) accepting delivery at a specific later date.**

N.J.A.C. 13:45A-5.3(a).

66.     The Sales receipt provided to Plaintiffs contains no such language. *See*, <u>Exhibit 1</u>.

67.     The Furniture Delivery Regulations also require that in the event a seller fails to deliver all of the ordered merchandise and only makes a partial delivery, the seller is required to:

> Provide written notice to the consumer of the impossibility of meeting the promised delivery date." The notice "shall offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time.

N.J.A.C. 13:45A-5.1(b).

68.     The Furniture Delivery Regulations also require that in the event "delivery of furniture or furnishings that are damaged or that are not the exact size, style, color or condition indicated on the sales contract, shall not constitute delivery as required by (a)1 above" (N.J.A.C. 13:45A-5.1(e)) and that "Upon receipt of such non-conforming merchandise, the consumer shall have the option of either accepting the furniture or of exercising any of the options set forth in (a)2 above" (N.J.A.C. 13:45A-5.1(e)(1)), i.e. the seller is required to provide written notice to the consumer as set forth in paragraph 67.

69.     Defendants did not provide written notices to Plaintiff as required by N.J.A.C. 13:45A-5.1(b) when they failed to deliver conforming furniture on any of the promised delivery dates.

70.     The Furniture Delivery Regulations provide:

> It shall be unlawful for any person to use any contract or sales agreement that contains any terms, such as "all sales final," "no cancellations" or "no refunds," which violate or are contrary to the rights and responsibilities provided for by this rule. Any contract or sales agreement which contains such a provision shall be null and void and unenforceable.

N.J.A.C. 13:45A-5.1(b).

71.     In the Delivery Guidelines, Boscov's states that "[d]elivery fees are nonrefundable." *See*, Exhibit 2.

72.     In the Delivery Guidelines, Boscov's states that "[a]ll 'special orders' will be subject to a 25% cancellation fee as well as a pickup fee." *See*, Exhibit 2.

73.     In the Delivery Guidelines, Boscov's requires consumers to contact a furniture salesperson if they encounter a defective or missing item. *See*, Exhibit 2.

74.     The above terms violate the Furniture Delivery Regulations as they are contrary to the rights and responsibilities provided for by the Furniture Delivery Regulations.

75.     Defendants have used and continue to use the same form of sales documents such as the receipt (Exhibit 1) and Delivery Guidelines (Exhibit 2) as provided to Plaintiff for several years in thousands of transactions with its customers related to the sale of furniture for future delivery in New Jersey.

76.     Defendants have used and continue to use the same practices as they did with Plaintiff when they fail to deliver all of the ordered merchandise timely, only make a partial delivery or deliver furniture that is defective or non-conforming pursuant to the Furniture Delivery Regulations for several years in thousands of transactions with its customers who purchase furniture for future delivery in New Jersey.

## **CLASS ACTION ALLEGATIONS**

77.     This action is brought and may properly proceed as a class action, pursuant to the provisions of R. 4:32-1(b)(2).  Plaintiff brings this action on behalf of himself and the putative class members. Plaintiff seeks certification of a class, initially defined as follows:

**CLASS:**

> All natural persons residing in New Jersey at the time this Complaint is filed, who, at any time on or after the day six years prior to the date this Complaint is filed, ordered furniture or furnishings for future delivery from Boscov's to an address in New Jersey.

78. The members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

79. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include:

    a. Whether the standard sales documents used in the transaction with Plaintiff and all other members of the putative Class similarly situated violate the Furniture Delivery Regulations;

    b. Whether Defendants have a policy and/or practice of providing sales documents that fail to specify a promised delivery date in the sales documents in the manner required by N.J.A.C. 13:45A-5.2(b);

    c. Whether Defendants have a cancellation policy or practice that violates the Furniture Delivery Regulations;

    d. Whether Defendants have a policy and/or practice of failing to provide written notice to the consumer prior to the promised delivery date of the impossibility of delivering all items ordered by the promised delivery date;

    e. Whether Defendants have a policy and/or practice of failing to abide by the Furniture Delivery Regulations after late delivery of furniture, partial delivery of furniture, delivery of nonconforming furniture, or delivery of damaged furniture;

    f. Whether any or all of the aforementioned violations of the Furniture Delivery Regulations described herein constitute violations of the CFA;

    g. Whether any or all of the aforementioned violations of the Furniture Delivery Regulations and CFA described herein on the sales documents constitute violations of TCCWNA;

    h. Whether any or all of the aforementioned violations of the Furniture Delivery Regulations, CFA and TCCWNA described herein on the sales documents constitute violations of the UDJA;

    i. Whether putative class members are entitled to declaratory and or injunctive relief pursuant to the UDJA.

    j. Whether Plaintiff and the other members of the putative Classes are entitled to petition the Court to terminate their contracts with Defendants; and,

80.    Plaintiff's claims are typical of the claims of the members of the Class because all such claims arise out of the sale of household furniture or furnishings for future delivery using form documents and practices the same as or similar to those used in the transaction with Plaintiff and include provisions that are contrary to the Furniture Delivery Regulations, including Defendants' routine practice of failing to provide to the members of the Class the written notices required by the Furniture Delivery Regulations of their right to cancel their orders with a prompt, full refund of any payments already made or to accept delivery at a specified later time when Defendants did not deliver all of the merchandise ordered by the promised or agreed upon delivery date, made only a partial delivery of the merchandise ordered, and/or delivered damaged or nonconforming merchandise.

81.    Plaintiff has no interests antagonistic to those of the Classes.

82.    The Class, of which Plaintiff is a member, is readily identifiable from Defendants' records.

83.    Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action. Proposed Class Counsel has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

84.    Defendants have acted or refused to act on grounds generally applicable to Plaintiff and all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

85.    A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

86.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

## FIRST COUNT

**CFA Claims for Equitable "Notice Relief" on Behalf of the Class
Based on Violations of the Furniture Delivery Regulations and the CFA**

87.     Plaintiff, on behalf of himself and all others similarly situated, restates and incorporates all of his statements and allegations contained in all prior paragraphs in their entirety, as if fully rewritten herein.

88.     The CFA prohibits:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise.

N.J.S.A. 56:8-2.

89.     Plaintiff and each member of the Class is a person to whom the Furniture Delivery Regulations and CFA are to benefit.

90.     Boscov's, Inc, is a "person" as defined by the CFA because Boscov's is a partnership, corporation, company, trust, business entity, or business association. N.J.S.A. § 56:8-1(d).

91.     Boscov's Department Store, LLC is a "person" as defined by the CFA because Boscov's is a partnership, corporation, company, trust, business entity, or business association. N.J.S.A. § 56:8-1(d).

92.     Jim Boscov is a "person" as defined by the Furniture Delivery Regulations and CFA because Jim Boscov is a natural person. N.J.S.A. § 56:8-1(d).

93.     Defendants are subject to the CFA.

94.     Defendants' transactions with Plaintiff and others similarly situated are sales of merchandise subject to the CFA.

95.     The Furniture Delivery Regulations, N.J.A.C. 13:45A-5.1, *et seq.*, were promulgated under the CFA pursuant to N.J.S.A. 56:8-4 and/or N.J.S.A. 56:8-14.7, and a violation of the Furniture Delivery Regulations is a per se unlawful act under the CFA. N.J.A.C. 13:45A-5.4.

### Violations of the Furniture Delivery Regulations with Respect to Plaintiff

96.     As persons engaged in the sale of household furniture, Defendants are subject to the Furniture Delivery Regulations. N.J.A.C. 13:45A-5.1(a).

97.     The Furniture Delivery Regulations, which are the only New Jersey consumer regulations specifically applicable to furniture retailers, were adopted to address widespread industry abuse in sales in for future delivery (as opposed to "cash and carry" sales).

98.     To prevent such abuses, the Furniture Delivery Regulations requires furniture retailers to offer consumers the right to cancel for a full refund upon untimely or non-conforming deliveries, and to include in the furniture sales form specific, conspicuous notices of the promised delivery date and of consumers' right cancel for a full refund in the event of untimely or nonconforming delivery.

99.     Specifically, N.J.A.C. 13:45A-5.1 provides:

   a) Any person who is engaged in the sale of household furniture for which contracts of sale or sale orders are used for merchandise ordered for future delivery shall:

      1) Deliver all of the ordered merchandise by or on the promised delivery date; or

2) Provide written notice to the consumer of the impossibility of meeting the promised delivery date. The notice shall offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time. Said written notice shall be provided prior to the delivery date.

b) In the event a seller fails to deliver all of the ordered merchandise on the promised delivery date and makes only a partial delivery, the seller shall comply with the notice requirement of (a) above. Said notice shall offer the consumer the option of cancelling the order with a prompt, full refund of any payments already made or accepting delivery of the balance of the ordered merchandise at a specified later date.

c) Failure to comply with (a) above shall constitute a deceptive practice under the Consumer Fraud Act

e) For the purposes of this section, delivery of furniture or furnishings that are damaged or that are not the exact size, style, color or condition indicated on the sales contract, shall not constitute delivery as required by (a)1 above.

1) Upon receipt of such non-conforming merchandise, the consumer shall have the option of either accepting the furniture or of exercising any of the options set forth in (a)2 above.

100. Additionally, N.J.A.C. 13:45A-5.2 and 13:45A-5.3(a) require specified notices of the promised delivery date and the consumers' right to a refund for untimely delivery, on the first page of the sales document in 10-point bold type.

101. Defendants' standard sales practices and documents used in all sales of furniture for future delivery at all times relevant to this action, including in Plaintiff's transaction, contain numerous violations of the Furniture Delivery Regulations, including:

a. The statement "The merchandise you have ordered is promised for delivery to you on or before" and a promised delivery date was not included;

b. The statement "If the merchandise ordered by you is not delivered by the promised date, Boscov's must offer you the choice of (1) canceling your order with a refund of any payments you have made, or (2) accepting delivery at a mutually agreed upon date" was not included at all let alone in the required bold print; and,

c. The statements made in the Delivery Guidelines refusing to refund delivery fees, charging cancellation fees, and requiring consumers to contact a furniture salesperson by telephone instead of receiving a written notice are contrary to the rights and responsibilities provided for by the Furniture Delivery Regulations.

102. In addition to the violations of Furniture Delivery Regulations on their standard sales documents (Exhibits 1 & 2), Defendants maintained a standard policy and/or practice during all times relevant to this action of violating the Furniture Delivery Regulations by failing to provide the required notices and failing to deliver all items ordered by the promised delivery date, made a partial delivery, delivered nonconforming furniture, and/or delivered damaged furniture, as demonstrated by Plaintiff's transaction.

103. Defendants violated the Furniture Delivery Regulations and CFA by failing to provide the required written notices to Plaintiff advising him of his rights.

104. Defendants violated the Furniture Delivery Regulations and CFA by providing the Delivery Guidelines as set forth in Exhibit 2, which misrepresented Plaintiff's rights under the Furniture Delivery Regulations and deterred him from canceling the order and obtaining a full refund.

105.    Notwithstanding Defendants' CFA violations based on the Furniture Delivery Regulations, Defendants also directly violated the CFA by committing affirmative acts in violation of the CFA in all aspects of their transaction with Plaintiff, including unconscionable commercial practice, deception and misrepresentation.

106.    As a result of Defendants' violations of the Furniture Delivery Regulations and the CFA, Plaintiff suffered an ascertainable loss in the total amount he paid for the furniture and delivery.

107.    As a result of Defendants' violations of the Furniture Delivery Regulations and the CFA Plaintiff and those similarly situated have a continuing right to cancel their furniture orders for a full refund.

**Notice Relief Pursuant to <u>R.</u> 4:32-1(b)(2) With Respect to the Class**

108.    Under New Jersey precedent construing the CFA and the New Jersey Court Rule pertaining to certification of classes for equitable relief, <u>R.</u> 4:32-1(b)(2), a plaintiff who can demonstrate ascertainable loss arising from a CFA violation has standing to represent a class of other consumers who were subjected to the same alleged CFA violation, even though ascertainable loss cannot be readily determined as to those other consumers. *See Laufer v. U. S. Life Ins. Co. in City of N.Y.*, 385 N.J. Super. 172, 186 (App. Div. 2006).

109.    Such relief permits the members of the Classes to make informed decisions in light of a declaratory ruling that Defendants' practices toward them violated the CFA. For example, if the members of the Classes receive notice of Defendants' violations of the Furniture Delivery Regulations and CFA, they could assess whether they suffered a loss as a result of the violations (e.g., by having been refused a refund or other redress for unreasonably late, damaged, or nonconforming delivery of the furniture) and whether they wish to seek redress for that loss

independently from this action. *See Laufer*, 385 N.J. Super at 184 ("If Laufer proves that [the defendants' advertisement misrepresenting the extent of insurance coverage] violated the Consumer Fraud Act, and all class members are informed of this violation, some of them may then make individual decisions to discontinue coverage or to seek monetary relief against U.S. Life based on their own individual circumstances.").

110.    The notice relief sought under this count benefits the entire class, all of whom were subjected to the same violations of the Furniture Delivery Regulations and the CFA, therefore supporting class certification under R. 4:32-1(b)(2).

## SECOND COUNT

### Violations of the TCCWNA as to the Class

111.    Plaintiff, on behalf of himself and all others similarly situated, restates and incorporates all of his prior statements and allegations in their entirety, as if fully rewritten herein.

112.    The TCCWNA states:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

N.J.S.A. 56:12-15.

113.    The CFA and Furniture Delivery Regulations create clearly established rights of Plaintiff or responsibilities of Defendants.

114.    The Sales receipt (Exhibit 1) that Defendants gave to Plaintiff and the members of the putative Class are "consumer contracts" or "notices" pursuant to TCCWNA. N.J.S.A. 56:12-15.

115.    The Delivery Guidelines that Defendants gave to Plaintiff and the members of the putative Class are "notices" pursuant to TCCWNA. N.J.S.A. 56:12-15.

116.    Plaintiff purchased the sofa from Defendants for use in his home.

117.    Plaintiff is a "consumer" with respect to the TCCWNA because he is an individual who bought property which is primarily for personal, family, or household purposes. N.J.S.A. 56:12-15.

118.    Defendants are each a seller, lessor, creditor, lender, or bailee with respect to the TCCWNA.

119.    Defendants gave or displayed written consumer contracts or consumer notices, i.e., the sales receipts as set forth in Exhibit 1 and the Delivery Guidelines as set forth in Exhibit 2, to Plaintiff and the members of the putative Class which included a provision or provisions that violated the clearly established rights of Plaintiff and the members of the putative Class and/or the clearly established responsibilities of Defendants as established by New Jersey or federal law as set forth above.

120.    By offering, displaying, and/or entering into form Contract and providing form notices to Plaintiff and the members of putative Class contrary to the Furniture Delivery Regulations and the CFA, Defendants violated the TCCWNA.

121.    Plaintiff is an aggrieved consumer because he suffered harm by Defendants' providing sales documents (Exhibits 1 & 2) with terms that violated his legal rights and deterred

him from cancelling his furniture order and requesting or receiving a full refund of all payments made.

122.    Plaintiff is an aggrieved consumer because he suffered harm by Defendants' providing defective furniture and the associated delay in providing conforming furniture which affected his use and enjoyment of the furniture purchased and paid while providing him with sales documents that violated the Furniture Delivery Regulations and CFA.

123.    The members of the putative Class are entitled to receive notice of their continuing right to cancel their orders and receive a full refund if Defendants failed to deliver all items ordered by the promised delivery date, made a partial delivery, delivered nonconforming furniture, and/or delivered damaged furniture.

124.    Regardless of whether or not they were harmed, Plaintiff and the members of the putative Class are entitled to notice that they have the right to petition the court to terminate their contracts due to violations N.J.S.A. 56:12-15 contained in their contracts as set forth above.

125.    The notice relief sought under this count benefits the entire class, all of whom were subjected to the same violations of the Furniture Delivery Regulations and the TCCWNA in their contracts/notices, therefore supporting class certification under R. 4:32-1(b)(2).

126.    Plaintiff is entitled to statutory civil penalty of not less than $100.00 plus actual damages, attorneys' fees, and costs pursuant to N.J.S.A. 56:12-17 due to the TCCWNA violations in his sales document.

127.    The members of the putative Class are entitled to notice advising them that if they were harmed by the violative provisions in their sales documents, they are entitled to seek a statutory civil penalty of not less than $100.00 plus actual damages, attorneys' fees, and costs pursuant to N.J.S.A. 56:12-17.

## THIRD COUNT

### Declaratory Judgment Pursuant to the Uniform Declaratory Judgments Act, N.J.S.A. 2A:16-50, *et seq.*, as to the Class

128.    Plaintiff, on behalf of himself and all others similarly situated, restates and incorporates all of his prior statements and allegations in their entirety, as if fully rewritten herein.

129.    The Uniform Declaratory Judgments Law provides:

> A person interested under a … written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute … [or] contract … may have determined any question of construction or validity arising under the instrument, statute …[or] contract … and obtain a declaration of rights, status or other legal relations thereunder.

N.J.S.A. 2A:16-53.

130.    The form Sales Documents (Exhibits 1 & 2) provided to Plaintiff and the members of the putative Class is a contract as contemplated by the Uniform Declaratory Judgments Law.

131.    The form Sales Documents (Exhibits 1 & 2) provided to Plaintiff and the members of the putative Class violated the Furniture Delivery Regulations, CFA, and TCCWNA as set forth in the First and Second Counts above.

132.    The Court should enter a declaratory judgment that Defendants' form Sales Documents (Exhibits 1 & 2) as set forth in the First and Second Counts above violate the Furniture Delivery Regulations, CFA, and TCCWNA.

133.    The Court should enter a declaratory judgment enjoining Defendants from future violations of the Furniture Delivery Regulations, CFA, and TCCWNA and requiring Defendants to correct their form Sales Documents (Exhibits 1 & 2) and practices that violate the Furniture Delivery Regulations, CFA, and TCCWNA.

134. The members of the putative Class should be provided Notice that Defendants' form Sales Documents and practices violate the Furniture Delivery Regulations, CFA, and TCCWNA.

135. In addition, the members of putative Class A should be provided notice that if they were harmed by the violations in the sale orders and/or were refused or did not seek a refund due to the violations as set forth in the First and Second Counts above, they have the right to bring an action for damages and civil penalties petition under the CFA and TCCWNA.

**WHEREFORE**, Plaintiff Andrew Politi demands judgment against Defendants Boscov's Department Store, LLC, Boscov's, Inc. and Jim Boscov as follows:

A.   Certification of the Class, as defined, *supra*, for injunctive and declaratory relief pursuant to R. 4:32-1(b)(2);

B.   Appointing Plaintiff as the Class Representative and his attorneys as Class Counsel;

C.   A Declaratory judgment that Defendants violated the Furniture Delivery Regulations, CFA and TCCWNA;

D.   Injunctive relieve enjoining defendants from future violations of the Furniture Delivery Regulations, CFA and TCCWNA;

E.   Injunctive relief requiring Defendants to comply with the Furniture Delivery Regulations, CFA and TCCWNA;

F.   Injunctive relief requiring Defendants to provide an accounting of all members of the Class.

G.   Requiring Defendants to provide notice to the class informing them of their options and rights under the CFA, including their right to cancel and receive a full refund and their right to file a lawsuit and seek treble damages under the CFA if the

furniture delivered was late, nonconforming or damaged and they suffered an ascertainable loss;

H.  Requiring Defendants to provide notice to the Class informing them of their options and rights under TCCWNA, including their right to petition the court to terminate their contracts due to violations of N.J.S.A. 56:12-15 contained in their sales documents, cancel and receive a full refund if the furniture delivered was late, nonconforming, or damaged regardless of whether or not they were harmed or otherwise aggrieved, and their right to a statutory civil penalty of not less than $100 if they were harmed or otherwise aggrieved .

I.  An award of actual and treble damages to the Plaintiff pursuant to N.J.S.A. 56:8-19;

J.  Alternatively, for a refund to Plaintiff pursuant to the Furniture Delivery Regulations and N.J.S.A. 56:8- 2.11;

K.  An award of a statutory civil penalty of not less than $100.00 to the Plaintiff pursuant to N.J.S.A. 56:12-17

L.  An award of attorneys' fees and costs, pursuant to N.J.S.A. 56:8-19 and N.J.S.A. 56:12-17;

M.  Pre-judgment and post-judgment interest; and,

N.  Such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## NOTICE TO ATTORNEY GENERAL OF ACTION

Page **23** of **24**

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for Plaintiff in the above matter.

## CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

**Dated**: February 15, 2022

/s/ Andrew R. Wolf
Andrew R. Wolf, Esq.
*Attorneys for Plaintiff*
*and the punitive class*

# EXHIBIT 1



441 Woodbridge Center Drive
Woodbridge, NJ 07095
(732) 634-0003

967690    05/29/2021 20:19 REG SALE

9524 1013246 FURN/UPHOLS T B      749.99 D
ITEM :298059622  STYLE: 2256
DESC :OS ELLIOTT LSF SECTION
COLOR :2151-38    PO# :
   S.SRVC:F  BCOV:  REMVL:
0226          REASON CODE
   10.0% MARKDOWN              75.00-
9524 1013254 FURN/UPHOLS T B      750.00 D
ITEM :298059789  STYLE: 2257
DESC :OS ELLIOTT RSF SECTION
COLOR :2151-38    PO# :
   S.SRVC:F  BCOV:  REMVL:
0226          REASON CODE
   10.0% MARKDOWN              75.00-
9498 1002422 FURN WARRAN T        309.99
9774 1000055 Delivery Fe T         79.00
TK#  852355


PURCHASER NAME & ADDRESS:
ANDREW   POLITI
Redacted
E. BRUNSWICK    , NJ 08816

redacted


Subtotal                         1738.98
6.625%  SALES TAX 1738.98         115.21
Total                            1854.19

BOSCOV'S CARD                    1854.19
ACCT # /K   XXXXXXXXXXXXX7877
APPROVAL: 001127
**************************************
*    Keep receipts for all returns   *
*        and exchanges               *
*      See www.boscovs.com for        *
*       additional information!       *
**************************************


Except for mfr's defects, Bedding is
not returnable once in the home.
Please refer to your thank you
pamphlet for further details.
Furniture is covered by our 7-day
(from delivery date) return policy.
Non-defective returns authorized in
the 7-day period will be subjected to
fees.  Fabric and Leather treatments
are non-refundable.

   CUSTOMER COPY


4122456399305292021

WE WILL -
Remove your old unit if you have paid the
removal fee. Remove and take all packaging
material. Assemble back of sofa and
install feet if applicable.
THE DELIVERY TEAM IS UNABLE TO -
Move your furniture from one room to
another. Furniture is covered by the
manufacturer's warranty which will repair
the product to the manufacturer's
standards. See your sales associate for
details. Misuse by customer voids all
returns and warranty policies.
____ I have reviewed the merchandise
dimensions with the customer and asked
them to measure the intended location to
ensure "oversized" merchandise will fit.
Additionally, I will call the customer
within 48 hours to confirm "oversized"
merchandise will fit in their house.
____ I have entered all delivery
information (name, address, zip code &

telephone number) and have ensured that
they conform to delivery requirements.

I have read and completed the above items

Salesperson's Signature



Size: 40H102W46D
WE WILL -
Remove your old unit if you have paid the
removal fee. Remove and take all packaging
material. Assemble back of sofa and
install feet if applicable.
THE DELIVERY TEAM IS UNABLE TO -
Move your furniture from one room to
another. Furniture is covered by the
manufacturer's warranty which will repair
the product to the manufacturer's
standards. See your sales associate for
details. Misuse by customer voids all
returns and warranty policies.
____ I have reviewed the merchandise
dimensions with the customer and asked
them to measure the intended location to
ensure "oversized" merchandise will fit.
Additionally, I will call the customer
within 48 hours to confirm "oversized"
merchandise will fit in their house.
____ I have entered all delivery
information (name, address, zip code &
telephone number) and have ensured that
they conform to delivery requirements.

I have read and completed the above items

Salesperson's Signature



Size: 40H89W46D
SALESCHECK # 25189996

CUST PURCHASE THE GOLD 5 YEAR WARRANTY ALS
O OPENED A BOSCOV CHARGE CARD 15% OFF ON H
IS STATEMENT.
    E.T.A SEPT FIRST WEEK.

Transaction Number
STORE 41   REG 2245 TRANS 63993

```
*         SHOP ONLINE          *
*         boscovs.com          *
*            24/7              *
*      SAME GREAT VALUES!       *
*      SAME GREAT SAVINGS!      *
```

# EXHIBIT 2

## Delivery Guidelines

Our home delivery teams are trained professionals who take pride in the services provided to our customers.

Please assist them in their efforts by assuring the following:

- Please review our delivery video to ensure your delivery experience is as smooth as possible.
  **https://youtu.be/PZJV3Zp2owo**
- Measure to be sure the items you purchase will fit into your home.
- Delivery personnel must have clear access through your home and to the exact location of delivery.
- Please be available throughout your scheduled day of delivery. We will provide you with a projected period of arrival, although this is only an estimate.
- Fully inspect your merchandise for any mechanical or cosmetic flaws and notate these on the delivery receipt.
- If removal/haul away of an existing item is indicated on your receipt. it can be denied if its condition negatively affects new merchandise on the truck or poses a health risk to those handling it.

Delivery fees are nonrefundable. A pickup fee will be assessed to customers wishing to return certain non-defective merchandise.

### Our Delivery Teams are NOT Permitted to:

- Assemble any boxed furniture or patio furniture.
- Move customer's existing merchandise from one room to another.
- Alter premises other than to remove door pins.

### Customer Pickup of Merchandise

- Customers must present the original sales receipt to pick up their merchandise.
- Boscov's can assist in loading your vehicle, but final responsibility for the safety and security of the merchandise and vehicle lies with the customer.
- Customer Pickup is not available on all items or in all stores.



*888-267-26 87*
*C. S*

# Thank you for your purchase

### and for the confidence you have placed in us.

We know that you will be pleased with your merchandise and that your purchase will bring you comfort and satisfaction for years to come.

At Boscov's, our commitment to you doesn't stop when you leave the store. Your confidence in your selection and delivery are also important to us.





Shop on-line at www.boscovs.com or Shop-by-Phone at: 1-800-284-8155.

Sales Check #_____

The following guidelines should answer most questions you may have concerning your new product. Please contact your salesperson if you have additional questions.

## ☐ Furniture: Lifestyle Furniture

- Unwanted, non-defective Lifestyle Furniture is covered by our 7-day, (from delivery or pickup date) return policy, except Sauder Direct Ship purchases. However, non-defective returns authorized within this 7-day period will be subject to pickup fees.

- All special orders will be subject to a 25% cancellation fee as well as a pickup fee.

- Sauder will replace defective items or missing parts at no charge. If you have any assembly questions, please contact Sauder Customer Service at 1-800-523-3987.

- For all other manufacturers' defective items or missing parts, please contact your Furniture salesperson. Efforts will be made to replace such items before an exchange of the entire product/set is considered.

## ☐ Sauder Direct Ship (SDS) Program

- Sauder Direct Ship orders will be delivered to your home within 14 days. Shipments by UPS are delivered to your front door. Items not shipped by UPS must be removed by you from the rear of the truck. Please plan accordingly.

- If you choose to pick up your order at a store location, your order may take up to 6 weeks.

### SDS Returns/Damages

- You have 3 days after placing an order to cancel and receive a full refund.

- After the 3 day period, unwanted direct ship merchandise will be treated as a non-defective return.

- For all non-defective returns, please contact Boscov's Shop by Phone: 1-800-284-8155.

  - Boscov's will contact Sauder for your Return Authorization Number.
  - In order for your return to be processed by Sauder, please ensure that you have your Return Authorization Number clearly noted on the returned box(es).
  - Credit will be issued after Boscov's has been notified of its receipt by Sauder, which is typically a 14-day process from the date that you ship the returned box(es).

## ☐ Furniture: Bedroom & Upholstered

- Furniture is covered by our 7-day (from delivery or pickup date) return policy. However, non-defective returns authorized within this 7-day period will be subject to pickup fees.

- In addition, furniture is covered by a manufacturer's warranty that covers repair of the product up to the manufacturer's standards. Please refer to the manufacturer's warranty included with the product for specific coverage information, or ask customer service at 1-888-BOSCOVS for details.

- All warranties apply to normal residential use. Evidence of misuse or abuse voids the manufacturer's warranty. Warranties do not apply to any products sold "as-is", nor to items used in commercial applications.

- Extended warranty plans are administered by a third-party and are non-refundable.

- All special orders will be subject to a 25% cancellation fee.

## ☐ Mattresses

Mattresses and foundations are covered by the manufacturer's warranty which assures workmanship and quality. Warranty exchanges will be authorized only after the bedding has been inspected and found to be defective as per the manufacturer's warranty. The manufacturer's warranty does not include comfort issues. Please select your bedding carefully. Bedding is not returnable.

All "special orders" will be subject to a 25% cancellation fee as well as a pickup fee.

Boscov's offers a 60 Day Comfort Guarantee or a 120-Day DreamWeaver Guarantee on mattress purchases. If you are not satisfied with the comfort of your new mattress after sleeping on it for a minimum of 30 days, please contact Boscov's Customer Service Department by the 60th day for Comfort or 120th day for DreamWeaver from date of delivery at 1-888 BOSCOVS. Once contacted, Boscov's will authorize a ONE-TIME exchange toward a new mattress purchase of EQUAL or GREATER value. Please see the fees and conditions listed below:

- We ask that you sleep on your mattress for a 30-day time period in order for your body to adjust to your new mattress and your new mattress to adjust to you. If, after 30-days of sleeping on your mattress you are unable to adjust to a comfortable level, you have an additional 30-days to contact us.

- Extended warranty plans are non-refundable.

- The new mattress selection must be made within 14 days of the authorization date.

- The original mattress must be free of tears, burns, soil marks and stains.

- In addition, when the mattress is picked up, ALL tags including manufacturer's label must be attached.

- There is a 15% handling fee based on the original purchase price of the mattress. This fee is ONLY waived for DreamWeaver eligible comfort guarantees.

- There is a mandatory delivery fee on the replacement mattress under the 60-Day Comfort Guarantee and the original delivery fee will not be refunded.

- The customer is responsible for the price difference and all fees.

- The Comfort Guarantee applies only to the mattress. Foundations and adjustable bed bases are not included.

## ☐ Patio Furniture

- Patio Furniture is covered by our 30-day (from date of purchase) return policy. Merchandise accepted for return must be new, unused and be accompanied by the original receipt and original packaging.

- Merchandise having manufacturer's defects may be exchanged or returned anytime with the original receipt and original packaging.

- All claims covered by a manufacturer's warranty should be handled by the customer through the manufacturer, who will supply replacement parts if needed. Boscov's will assist the customer by providing the manufacturer's phone number.

- Return guidelines for Patio Furniture do not apply to any products sold "as is," which include floor samples and clearance merchandise. In addition, misuse by the customer voids all customer return/warranty rights.

- Merchandise that has sustained weather damage may not be returned unless there is a manufacturer's defect. Broken glass top tables may not be returned.

- Gazebos should not be used as permanent structures. Gazebos and umbrellas should be taken down prior to severe inclement weather.

*Please keep your original receipt for all Manufacturer Warranty Claims.*

If you need assistance **to schedule or re-schedule a delivery,** please contact Boscov's Delivery office at:

### 1-888-696-8199
delivery@boscovs.com

If you need assistance **after delivery or have warranty questions,** please immediately contact our Customer Service Department at:

### 1-888-BOSCOVS
(1-888-267-2687)
deliverycustserv@boscovs.com

*Eddie*

**Tito Rivera**
Sales Associate, Furniture
Phone: 732.634.0003



**Boscov's**

Boscov's Department Store, LLC

**ServeCo** NORTH AMERICA   Boscov's Woodbridge
441 Woodbridge Center Drive
Woodbridge, NJ 07095