# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW POLITI, on behalf of himself and those similarly situated,**<br>　　　　*Plaintiff,*<br><br>　　　v.<br><br>**BOSCOV'S, INC.,** *et al.*,<br>　　　　　　*Defendants.* | Civil Action No. 22-01616<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

**THIS MATTER** comes before the Court by way of Andrew Politi's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey (the "Motion to Remand"), ECF No. 9;

and it appearing that the Honorable Edward S. Kiel ("Judge Kiel") issued a Report and Recommendation on October 17, 2022 (the "R&R"), in which he recommended that Plaintiff's Motion to Remand be denied because Boscov's Inc. ("Defendants") established by a preponderance of the evidence all of the elements required under the Class Action Fairness Act, 28 U.S.C. §1332, (the "CAFA"), ECF No. 32;

and it appearing that Plaintiff opposes the R&R, objecting to Judge Kiel's conclusion that Defendants established the amount-in-controversy requirement under the CAFA, see ECF No. 36;

and it appearing that this matter arises from Plaintiff's class action Complaint which seeks relief on behalf of a putative Class of individuals who purchased furniture for future delivery from Defendants, see generally Compl., ECF No. 1-1;

and it appearing that Plaintiff defines the putative Class as "[a]ll natural persons residing in New Jersey . . . who, at any time on or after the day six years prior to the date this Complaint is filed, ordered furniture or furnishings for future delivery from Boscov's to an address in New Jersey[,]" id. ¶ 77;

1

and it appearing that Plaintiff's Complaint asserts three causes of action for: (1) violations of the Delivery of the Household Furniture and Furnishings regulations, (the "Furniture Delivery Regulations"), N.J.A.C. § 13:45A-5.1, et seq., (2) violations of the New Jersey Consumer Fraud Act (the "NJCFA"), N.J.S.A. § 56:8-1, et seq.; and (3) violations of the Truth-in-Consumer Contract, Warranty, and Notice Act (the "TCCWNA"), N.J.S.A. § 56:12-14, et seq.;

and it appearing that Defendants removed this action to this Court pursuant to the CAFA and have the burden of proving that each of the CAFA's requirements have been met by a preponderance of the evidence, Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014);

and it appearing that under the CAFA the amount-in-controversy must "exceed the sum or value of $5 million exclusive of interest and costs," Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) and "courts must aggregate the claims of the individual class members[,]" to determine if Plaintiff meets this jurisdictional threshold, Farrell v. FedEx Ground Package Sys., Inc., 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (quoting 28 U.S.C. §1332(d)(6)), see also Smith v. HSN, Inc., No. 20-12869, 2020 WL 7022640, at *5 (D.N.J. Nov. 30, 2020) (noting that a determination of the amount-in-controversy "focu[ses] on what damages a plaintiff could reasonably assert," and "not the amount ultimately proven");

and it appearing that Plaintiff argues that Judge Kiel's calculation of the amount-in-controversy is "speculative" because Judge Kiel did not consider the viability of each class members' ascertainable loss in assessing the amount-in-controversy requirement, see Pl. Opp. at 14, ECF No. 36;

and it appearing that Judge Kiel determined whether Defendants satisfied the CAFA's amount-in-controversy requirement by examining Plaintiff's claims under both Count II and Count III of the Complaint, see R&R at 7-12;

and it appearing that under Count III Judge Kiel noted that to state a claim under the TCCWNA a plaintiff must prove that (1) "the defendant was a seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid"; (2) "the defendant offered or entered into a written consumer contract or [gave] or display[ed] any written consumer warranty, notice or sign"; (3) "at the time that the written consumer contract is signed or the written consumer warranty, notice, or sign is displayed, that writing contains a provision that violates and clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law"; and (4) "the plaintiff is an 'aggrieved consumer[,]'" see R&R at 10-11 (citing Truglio v. Planet Fitness, Inc., 360 F. Supp. 3d 274, 277 (D.N.J. 2018) (alterations in original) (internal quotations omitted));

and it appearing that Plaintiff asserts Defendants violated the TCCWNA through their "standard sales practices and documents used in all sales of furniture for future delivery" because these forms allegedly "contain[ed] numerous violations of the Furniture Delivery Regulations[,]"[1] and Plaintiff suffered harm because he was "deterred [] from cancelling his furniture order and requesting or receiving a full refund[,]" see compl. ¶¶ 119-122 (emphasis added);

and it appearing that based on the face of the Complaint Judge Kiel was correct in finding that all members of the putative Class, not just those who suffered an ascertainable loss, are entitled

---

[1] The Furniture Delivery Regulations require "any person who is engaged in the sale of household furniture" to "provide written notice to the customer of the impossibility of meeting the promised delivery date." The notice shall offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time. Said written notice shall be provided prior to the delivery date." N.J.A.C. 13:45A-5.1. The Furniture Delivery Regulations also require specified notices of promised delivery dates and the consumer's right to a refund for untimely delivery be displayed on the first page of the sales document in 10-point bold type. N.J.A.C. § 13:45A-5.2, 13:45A-5.3(a).

3

to relief under the TCCWNA because: (1) Plaintiff alleges Defendants "used and continue to use th[e] same [sales] forms . . . for several years in thousands of transactions" and (2) these sales forms violated Plaintiff's rights under the TCCWNA "regardless of whether or not [the class members] were harmed[,]" see id. ¶¶ 61-75, 123-124;

and it appearing that all TCCWNA claims are valued at "no less than $100 per violation, regardless of the form of relief a Plaintiff seeks," see N.J.S.A. § 56:12-17, and Defendants set forth evidence that at least 45,694 transactions are for deliveries to individual customers in New Jersey, ECF No. 29 at 5;

and it appearing that Judge Kiel therefore properly determined that $100 in statutory damages under TCCWNA when multiplied by the 45,694 definitive individual class members yields $4,569,400.00 in total relief, and this figure represents "the minimum potential benefit to the punitive class[,]" which is approximately "$440,00.00 shy of the $5 million mark," see R&R at 11;

and it appearing that after Judge Kiel considered attorney's fees, which are awardable under the TCCWNA and are typically computed at approximately thirty percent for amount-in-controversy calculation, he correctly found that Plaintiff's TCCWNA claim would exceed the approximately $440,000.00 needed to surpass $5,000,000.00, see Verma v. 3001 Castor, Inc., 937 F.3d 221, 227 (3d Cir. 2019) (holding that "attorneys fees . . . do count for CAFA's amount-in-controversy threshold");

and it appearing that the Court finds Judge Kiel's determination that Plaintiff's TCCWNA claim meets the CAFA's amount-in-controversy requirement by a preponderance of the evidence is correct;[2]

---

[2] Because the Court finds Judge Kiel properly calculated the amount-in-controversy under Count III of the Complaint, the Court does not reach whether the jurisdictional amount was independently met under Counts I and II. However,

**IT IS** on this the 22nd day of August, 2023,

**ORDERED** that Judge Kiel's Report and Recommendation, ECF No. 32, is **ADOPTED in part** and Plaintiff's Motion to Remand, ECF No. 9, is **DENIED**.

> */s Madeline Cox Arleo*
> **Hon. Madeline Cox Arleo**
> **United States District Judge**

---

it is instructive that in Count II, Plaintiff seeks only injunctive relief in the form of providing notice to class members that informs them of their rights under the NJCFA to receive a full refund if their furniture was delivered late, was non-conforming, or was damaged, not money damages. And for purposes of determining whether the jurisdictional amount was met, it is likewise notable that Defendants point to the fact that 45,694 transactions were for deliveries to individual consumers in New Jersey. This number does not quantify how many class members received late, partial or non-conforming deliveries, which would be the basis to determine damages under the NJCFA.