**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW POLITI, on behalf of himself and those similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BOSCOV'S INC., and BOSCOV's DEPARTMENT STORE, LLC,<br><br>                    Defendants. | Case No. 2:22-cv-1616-MCA-SDA<br><br>**ORDER APPROVING NOTICE TO BE SENT TO PROPOSED SETTLEMENT CLASS; APPOINTING INTERIM COUNSEL; AND SCHEDULING A FAIRNESS HEARING**<br><br>December 5, 2025 |

**THIS MATTER** having been brought before the Court on the Motion of plaintiff Andrew Politi ("Plaintiff"), on behalf of himself and those similarly situated, for preliminary approval of a Class Action Settlement (ECF No. 71) seeking: certification of the class for settlement purposes only pursuant to Fed. R. Civ. P. 23(g)(3); approval of the proposed settlement; approval of the class action notice and the notice process; appointment Plaintiff's Counsel as Interim Counsel to represent the proposed Settlement Class pursuant to Rule 23(g)(3); appointment of the claims administrator; and the scheduling of a final fairness hearing date; and Defendants Boscov's Inc. and Boscov's Department Store, LLC (together, "Defendants") not opposing said motion;

**AND THE COURT**, having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the Parties, having reviewed and considered the Plaintiff's Brief, and the declaration(s) submitted in support of the motion, the oral arguments of counsel presented to the Court on September 10, 2025, and all papers filed and proceedings taken herein, and for good cause appearing, the Court finds the following:

1

1.      On February 15, 2022, this matter was commenced by Plaintiff as a class action against Defendants and Jim Boscov ("Mr. Boscov") in the New Jersey Superior Court, Law Division, Middlesex County, Docket No. MID-L-000805-22.

2.      On March 22, 2022, Defendants and Mr. Boscov filed the Notice of Removal alleging diversity jurisdiction under the Class Action Fairness Act ("CAFA").

3.      On May 16, 2024, the Court dismissed Mr. Boscov as a defendant and dismissed Plaintiff's claims under the New Jersey Consumer Fraud Act, N.J.S.A 56:8- 1, *et seq.*

4.      In the Class Action Complaint that remained following the May 16, 2024 Order, Plaintiff alleged that Defendants violated the Delivery of Household Furniture and Furnishings regulations, N.J.A.C. 13:45A-5.1, *et seq.* ("FDR") and Truth-in Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 *et seq.* in its alleged failure to provide Plaintiff and putative class members with written notice as to the specific date or length of delivery and of the right to cancel an order for a full refund.

5.      Defendants deny that they violated either the FDR or TCCWNA.

6.      The Parties engaged in motion practice that included a motion to remand and a motion for judgment on the pleadings.

7.      The Parties have represented that the settlement was a result of extensive and prolonged arm's-length negotiations.

8.      Plaintiff and his counsel have determined that the terms of the settlement, as expressed in the Settlement Agreement, are adequate, fair, and reasonable and in the best interest of the proposed Settlement Class.

9.      A copy of the executed Settlement Agreement, and any amendments thereto, is attached to the Declaration of Javier L. Merino ("Merino Decl.") as **Exhibit A**.

10.     Pursuant to District of New Jersey Local Civil Rule 72.1(a), the Parties have consented to the jurisdiction of the Hon. Stacey D. Adams, U.S.M.J.

11.     Defendants have represented that it will comply with the provision in the Settlement Agreement regarding the mailing of appropriate notices as required by the Class Action Fairness Act ("CAFA") (28 U.S.C. §1332(d), §1715), and simultaneously copy Settlement Class Counsel on that communication within the required time period.

12.     The parties have provided the Court with information sufficient to enable the Court to determine that the Court will likely be able to: approve the Settlement proposal under Rule 23(e)(2); and certify the proposed Settlement Class for purposes of judgment on the proposal.

13.     The Settlement Agreement defines the Settlement Class as:

The only or first named purchaser in the 1,379 transactions identified by Defendant who purchased household furniture for future delivery to an address in New Jersey from November 14, 2015 through February 11, 2022 where the furniture delivery date was changed at no fault of the consumer.

The Settlement Class specifically excludes any judges presiding over the litigation.

Where two or more people were listed as purchasers in a given transaction, they shall be collectively referred to in the singular as one Settlement Class member, as they will be entitled to receive only one class award, payable to the first named purchaser as set forth further herein.

14.     The Court has considered the benefits that the settlement will confer on the Settlement Class, which comes out to an approximate net payment of $90.94 per class member.

15.     Members of the Settlement Class will automatically be directly mailed a check with a no "claims made" process. Funds from any uncashed checks shall be provided as a *cy pres* award to Legal Services of New Jersey ("LSNJ") with the funds to be used for any purpose including LSNJ's Poverty Research Institute and the Free Statewide Hotline except that no portion of the funds may be used for consumer litigation. Thus, the entirety of the $137,900 will be distributed.

16.     Under the settlement, the amount of attorneys' fees was not negotiated until after the Parties reached a settlement in principal, signed a comprehensive class action settlement agreement, and agreed on a form of class notice. The Parties ultimately reached an agreement whereby Defendants agreed to not object to Class Counsel's application for an amount not to exceed $170,000 for all attorneys' fees and costs incurred including full administration of the settlement, subject to Court approval.

17.     The Court will consider Class Counsel's application for attorneys' fees and costs as part of Final Approval process.

18.     The Court finds that direct notice of the Settlement Class Notice attached to the Merino Decl. as **Exhibit B** in the manner set forth herein and in the Settlement Agreement, constitutes the best notice practicable under the circumstances pursuant to Rule 23(c)(2)(B).

19.     The proposed form of Settlement Class Notice clearly and concisely states in plain, easily understood language:

(A) the nature of the action;

(B) the definition of the class certified;

(C) the class claims, issues, or defenses;

(D) that a class member may enter an appearance through an attorney if the member so desires;

(E) that the court will exclude from the class any member who requests exclusion;

(F) the time and manner for requesting exclusion; and

(G) the binding effect of a class judgment on members under Rule 23(c)(3).

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

20.    The motion for Preliminary Approval (ECF No. 71) is **GRANTED**.

21.    The Court finds, for the purpose of this Settlement, that it will be likely that the Court will be able to approve the proposed settlement and certify the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that it will likely determine that the Settlement Class will satisfy the following prerequisites for class certification:

a)    The approximately 1,379 persons (including the Named Plaintiff) of the above-defined Settlement Class are so numerous that joinder of all members is impracticable.

b)    There are questions of law and fact common to the Settlement Class.

c)    The claims of the Class Representative are typical of the claims of the Settlement Class.

d)    The Class Representative fairly and adequately represents the interests of the Settlement Class and that there are no conflicts of interest between the Class Representative and members of the Settlement Class.

e)    The Settlement Class's membership is readily ascertainable and has in fact been ascertained.

f)    The common issues of law and fact predominate over any questions affecting only individual members of the Settlement Class.

g)    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the claims of Plaintiff and the Settlement Class.

22.    The Court finds it likely that the representation of the Named Plaintiff and Class Counsel will be determined to be adequate to represent the Settlement Class.

23.    The Court finds it likely that it will be determined that the settlement process was fair and a result of arms-length negotiations.

24.    The Court finds it likely that the relief provided to the Settlement Class will be determined to be adequate.

25.     The Court finds it likely that it will be determined that the settlement treats the Settlement Class members equitably.

26.     The Court finds it likely that the settlement will be determined to be fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them, the risk and delay inherent in litigation, and the amount of any potential recovery that could be shared by the Settlement Class members.

27.     The parties shall implement the plan for direct mail of the Notice to the proposed Settlement Class in the manner described in the Settlement Agreement.

28.     Class Action Administrators Class Experts Group LLC ("CEG") is hereby appointed as the Settlement Administrator and shall be responsible for administering the Settlement according to the terms set forth in the Settlement Agreement and as Ordered herein.

29.     Pursuant to the Settlement Agreement, Defendants will provide the Settlement Administrator with the Class List as defined in the Settlement Agreement.

30.     CEG has agreed to accept $7,500 as a flat fee to administer this settlement. CEG shall be paid its fee from the $137,900 settlement fund. This fee does not include the cost of the CAFA Notice.

31.     Defendants will be separately responsible for the delivery of the CAFA Notice and any associated costs of providing the CAFA Notice.

32.     Any member of the proposed Settlement Class may elect to be excluded from the settlement and from the proposed Settlement Class by requesting exclusion in accordance with the process described in the Settlement Class Notice. Any person who desires to exclude himself or herself from the proposed Settlement Class must submit a signed writing. The writing must include his/her name, address and telephone number, and a statement that specifically and

unambiguously conveys that the person requests to be excluded from the proposed Settlement Class. The request must be sent to the Settlement Administrator at the address set forth in the Settlement Class Notice. It must be postmarked on or before the deadline for exclusions which shall be 60 days from the date of the initial mailing of the Settlement Notice.

33.     All those whose Requests for Exclusion are granted shall have no rights under the Settlement Agreement and shall not be afforded any of the relief described in the Settlement Agreement.

34.     All members of the proposed Settlement who are not excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and any and all judgments and Orders entered by the Court in connection with the settlement, whether favorable or unfavorable to the proposed Settlement Class.

35.     Any member of the proposed Settlement Class who has standing to object may appear at the Final Fairness Hearing in person or by counsel, pursuant to the process described in the Settlement Class Notice. The deadline for objections shall be 60 days from the date of the initial mailing of the Settlement Notice. Any member of the proposed Settlement Class who does not make his or her objection in the manner provided in the Settlement Class Notice shall be deemed to have waived such objection and shall be foreclosed from objecting to the proposed Settlement, the Judgment entered, and the award of attorneys' fees and expenses to Settlement Class Counsel, unless otherwise ordered by the Court.

36.     Any member of the proposed Settlement Class may object to the Settlement. Any such objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

37.     Unless approved by the Court after a hearing, no payment or other consideration may be provided in connection with withdrawing an objection or forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.

38.     Within 14 days of entry of this Order, the Settlement Administrator shall mail the Class Notice approved herein in the manner set forth in the Settlement Agreement.

39.     On **April 13, 2025, at 10:00 a.m.** the Court shall hold a Fairness Hearing before Magistrate Judge Stacey Adams at the Frank R. Lautenberg Post Office and U.S. Courthouse, 2 Federal Square, Courtroom 8, Newark, NJ 07102 to determine whether it will find the Settlement to be fair, reasonable, and adequate after considering whether:

(A) the class representative and class counsel have adequately represented the class;

(B) the Settlement was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i)     the costs, risks, and delay of trial and appeal;

   (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii)   the terms of any proposed award of attorney's fees, including timing of payment;

   (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

40.     Any member of the proposed Settlement Class may appear at the aforementioned Fairness Hearing, in person or through counsel (at the member's own expense) and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement, award of counsel fees, reimbursement of costs, and the award to the Class

Representative. However, no person shall be heard in opposition to the proposed settlement or the award, and no paper or brief submitted by such person shall be received or considered by the Court, unless such person has timely filed a written objection with the Court and has sent a copy of that written objection to counsel for the parties in the manner set forth in the Settlement Class Notice unless otherwise ordered by the Court; and

41.    Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appoints Plaintiff's attorneys, Javier L. Merino and Andrew R. Wolf of The Dann Law Firm, PC as Interim Class Counsel.

42.    In the event that the Settlement Agreement is not approved by the Court, or if approval of the Settlement Agreement, including the entry of this Order or the Final Approval Order and Judgment, is reversed or modified on appeal (except that a reversal or modification resulting in a reduction of the award of reasonable attorneys' fees and expenses, or the service award to the Plaintiff shall not be a basis for withdrawal), or any one of the conditions precedent set forth in the Settlement Agreement is not met, then this Order and the Final Approval Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate the Settlement Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved *ab initio* and become null and void and of no force and effect, without further Order of the Court, and in such event all of Defendants' *status quo ante* rights to, among other things, oppose any subsequent efforts by the Plaintiff to certify this action as a class action, and all other defenses, rights, and positions of Defendants shall in all respects be unaffected and preserved, as shall those rights of Plaintiff and each member for the proposed Settlement Class; and it is

43.    Based on the foregoing, the Court sets forth the following schedule for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order

9

falls on a weekend or federal holiday, then such deadline shall extend to the next business day.

These deadlines may be extended by order of the Court, for good cause shown, without further

notice to the Class:

| 1 | Initial Notice Date | No more than 14 days after the entry Preliminary Approval Order |
|---|---|---|
| 2 | Deadline for Filing Requests for Exclusion | 60 days after the Notice Date |
| 3 | Deadline for Filing Objections | 60 days after the Notice Date |
| 4 | Fairness Hearing | File Motion for Final Approval and Attorneys' Fees by **March 6, 2026** Fairness Hearing has been scheduled for **April 13, 2026 at 10:00 a.m.** |

44.    A copy of this Order shall be served upon all counsel of record via ECF.

45.    The Clerk of Court is respectfully directed to terminate the motion at ECF No. 71.

*/s/ Stacey D. Adams*
Hon. Stacey D. Adams, U.S.M.J.

Dated: December 5, 2025